IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAIN AND HAIL, L.L.C.,
an Iowa Corporation,

    Plaintiff,

vs.   No. 1:21-cv-00914-PJK-KK

JAMES LESLIE ROBBINS, JR.,

    Defendant.

ORDER REMANDING TO STATE COURT

THIS MATTER comes on for consideration of the Notice of Removal filed September 16, 2021.   ECF No. 1.   Upon consideration thereof, the court finds that the notice of removal is deficient on its face and the case should be remanded to state court.

Plaintiff is seeking some $25,290 plus attorney's fees, interest, and costs.   Compl. for Debt and Money Due on Open Account at 1–2 (ECF No. 1-2).   The amount in controversy for diversity jurisdiction is $75,000.   28 U.S.C. § 1332(a).   A notice of removal need only plausibly allege the requisite amount in controversy.   Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).   Given such a plausible allegation, evidence concerning the amount in controversy may be required if the plaintiff or the court questions it.   Id.; 28 U.S.C. § 1446(c)(2)(B).   See also McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008) (discussing potential evidence).   Defendant

asserts that "the amount in controversy does and/or will exceed the sum or value of $75,000 required to confer jurisdiction . . . ."  Notice of Removal at 2.  Defendant repeatedly states he plans to file counterclaims that will exceed the jurisdictional amount, but without quantifying the counterclaims.  Id. at 2–3.  The allegation that the amount in controversy **presently** meets the jurisdictional requirement is not plausible and the court lacks jurisdiction.  See Phelps Oil & Gas, LLC v. Noble Energy, Inc., 5 F.4th 1122, 1126–28 (10th Cir. 2021).

Furthermore, whether counterclaims can be considered in the removal context is an open question, particularly given that the propriety of removal is evaluated at the time of removal.  See Kaplan v. Comput. Scis. Corp., 148 F. Supp. 2d 318, 319–20 (S.D.N.Y. 2001).  However, the better rule—followed by the majority of courts—is that courts should decline to permit the defendant's counterclaim to be considered in evaluating the amount in controversy.  See 4AA Arthur R. Miller, Federal Practice and Procedure § 3706 n.51 (4th ed. 2021); Demand Printing Sols. v. Ricoh Ams. Corp., 2014 WL 12662320 at *2 n.1 (D.N.M. Dec. 23, 2014) ("[D]istrict courts in the Tenth Circuit and elsewhere have largely, if not uniformly, concluded that even compulsory counterclaims filed after removal cannot satisfy the amount-in-controversy requirement.").  The court will follow this rule.  In any event, the court should determine whether the requirements for diversity jurisdiction are met based upon the pleadings actually filed, not on anticipated future pleadings which are speculative at best.  See Phelps Oil & Gas, 5 F.4th at 1127.

Moreover, the removal in this case appears to be procedurally defective because it was filed more than 30 days after service of the complaint. The notice of removal recites that the complaint was served on July 24, 2021, via a process server. Notice of Removal at 1. The notice of removal was filed on September 16, 2021. In pertinent part, 28 U.S.C. § 1446(b) provides for removal within 30 days after service of the complaint. No doubt recognizing this problem, the notice of removal states that the removal is timely "because it is filed within the time frame agreed to by the parties, as concurrence was sought and received from counsel for Plaintiff for an extension of time to respond to the Complaint." Notice of Removal at 1. At one time (prior to 1948), a defendant could remove before the time for a response was due under state law, however, the current statute requires that the notice be filed within 30 days from service of the complaint. <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 351–52 (1999). That was not done here.

Yet another procedural defect with removal is that while the Plaintiff is an Iowa corporation, the defendant is a New Mexico citizen. Notice of Removal at 2. The forum-defendant rule, 28 U.S.C. § 1441(b)(2), prohibits removal in diversity cases brought in the home state of any defendant.

The court recognizes that Plaintiff may raise these procedural defects with a motion to remand within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Be that as it may, the court will remand now on the basis of a lack of subject matter jurisdiction. <u>Id.</u>

NOW, THEREFORE, IT IS ORDERED that this action is REMANDED to the New Mexico Thirteenth Judicial District Court, County of Valencia.

DATED this 21st day of September 2021, at Santa Fe, New Mexico.

                                                /s/ Paul Kelly, Jr.
                                                United States Circuit Judge
                                                Sitting by Designation